# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 16, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JEANETTE CAMPBELL, WIDOW OF VERNON L. CAMPBELL, Claimant Below, Petitioner**

**vs.)    No. 14-0972** (BOR Appeal No. 2049275)
                    (Claim No. 720062640)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**CHOICEPOINT SERVICES, INC.,
Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeanette Campbell, widow of Vernon L. Campbell, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Synder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 25, 2014, in which the Board affirmed a February 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 5, 2012, decision denying Mrs. Campbell's application for dependents' benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Campbell worked as an accountant for Choicepoint Services, Inc. Mr. Campbell was receiving permanent total disability benefits due to a work-related neck injury occurring in May of 1972. Mr. Campbell died on October 9, 2010, and the death certificate listed the immediate cause of death as sepsis, urinary tract infection, disability, and bedbound state. On December 23, 2010, the claims administrator granted Mrs. Campbell 104 weeks of dependents' benefits pursuant to West Virginia Code § 23-4-10(e) (2010) that states if a person who is receiving permanent total disability benefits dies from a cause other than a disabling injury then his or her dependents shall be awarded an amount equal to 104 times the weekly benefit that the deceased was receiving at the time of death. Mrs. Campbell filed an application for dependents' benefits in May of 2012. The claims administrator denied the application for dependents' benefits on the basis that the application was untimely filed since it was not received within six months from the date of death based on West Virginia Code § 23-4-15(a) (2010).

The Office of Judges affirmed the claims administrator's decision and found the application for dependents' benefits was not timely filed because it was not filed within six months of the decedent's date of death. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mrs. Campbell disagrees and asserts that she filed her application for 104 weeks of dependents' benefits pursuant to the claims administrator's instruction and failed to understand that she was required to file an additional claim for full dependents' benefits due to lack of explanation by the claims administrator. West Virginia Office of Insurance Commissioner maintains that Mrs. Campbell's claim is barred because Mr. Campbell died on October 9, 2010. It further maintains that Mrs. Campbell did not file her application until May 3, 2012, which is outside the six months requirement.

The record shows that Mr. Campbell died on October 9, 2010. West Virginia Code § 23-4-15(a) requires that in order for an application for dependents' benefits to be timely filed, it must be filed within six months of the date of death. The Office of Judges concluded that the application in this claim should have been filed by April 9, 2011, under this statute but found Mrs. Campbell did not file an application until May of 2012. Even though Mrs. Campbell stated that she was unaware of the need to file an application for dependents' benefits, the Office of Judges concluded that there is no excuse or exception under this statute for failing to timely file. Therefore, the Office of Judges found the claims administrator did not err in denying the claim. The Board of Review agreed with the Office of Judges. This Court agrees with the Board of Review because Mrs. Campbell untimely filed her application after the six month requirement stated in West Virginia Code § 23-4-15(a).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II